IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------x
                                                       :
KIMBERLY PARROTT                              :         3:12 CV 820 (JBA)
                                                       :
                                                       :
v.                                                     :
                                                       :
KAREN KRASICKY                                :         DATE: OCTOBER 29, 2013
                                                       :
-------------------------------------------------------x

RULING ON DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS

On June 4, 2012, plaintiff Kimberly Parrott, a police officer in Terryville, Connecticut, commenced this lawsuit under 42 U.S.C. § 1983, against defendant Karen Krasicky, Chief of Police for Terryville, for alleged hostile work environment. (Dkt. #1). On October 5, 2012, U.S. District Judge Janet Bond Arterton filed a Scheduling Order (Dkt. #16), under which all discovery was to be completed by June 1, 2013, and all dispositive motions were to be filed by June 15, 2013 (Dkt. #16); on May 28, 2013, these deadlines were extended until June 15, 2013 and July 1, 2013, respectively. (Dkts. ##25-26). On July 16, 2013, defendant filed her answer and affirmative defenses. (Dkt. #35).[1] On August 29, 2013, Judge Arterton extended the deadline for dispositive motions until October 30, 2013.

On September 27, 2013, defendant filed the pending Motion for Discovery Sanctions, and brief and affidavits in support. (Dkt. #39).[2] On October 18, 2013, plaintiff filed her brief

---

[1] On January 15, 2012, defendant had filed a Motion to Dismiss (Dkt. #19), which was granted in part and denied in part on July 2, 2013. (Dkt. #33).

[2] The affidavits were from defense counsel, Jean E. Tomasco ["Tomasco Aff't"] and Nicole A. Bernabo ["Bernabo Aff't"], both sworn to September 25, 2013. The following fourteen exhibits were attached to the Bernabo Aff't: copy of Notice of Deposition for Max Lausier, dated July 17, 2013 (Exh. 1); copies of letters, facsimile letters, and e-mails between counsel or their staff, dated July 18, 19 & 24, August 5 & 15, and September 5, 6, 11, 18 & 22, 2013 (Exhs. 2-7, 9-12); notes of telephone conversation on August 29, 2013 (Exh. 8); copy of excerpts from the deposition transcript of Max Lausier, taken on July 26, 2013 ["Lausier Depo. Tr."](Exh. 13); and copy of

in opposition.  (Dkt. #41).[3]  Five days later, defendant filed her reply brief.  (Dkt. #43).  Judge Arterton referred the motion to this Magistrate Judge on October 23, 2013.  (Dkt. #42).

For the reasons stated below, defendant's Motion for Discovery Sanctions (Dkt. #39) is granted.

## I. PROCEDURAL BACKGROUND

The procedural background behind this motion is largely uncontested.  On July 17, 2013, one month and two days after the expiration of the discovery deadline of June 15, 2013, plaintiff's counsel served a Notice of Deposition for Max Lausier, the former Acting Chief of Police for Terryville, to be held one week later, on July 26, 2013; plaintiff's counsel had not consulted with defense counsel about this deposition.  (Defendant's Brief, at 2; Tomasco Aff't ¶ 4; Bernabo Aff't ¶¶ 4-6 & Exh. 1; Plaintiff's Brief at 1-2 & Exhs. 1-2).  According to plaintiff's counsel, he had just learned that Captain Lausier, who had retired and relocated to Texas, was going to be arriving in Connecticut to visit with his sister.  (Plaintiff's Brief, at 1).  The timing was problematic for Attorney Bernabo, who had long standing summer vacation plans from July 26 through August 5; Bernabo immediately contacted her colleague, Attorney Tomasco to be on standby in case the deposition went forward, and on July 18, 2013, Bernabo sent Attorney Williams and Attorney Engstrom an e-mail and a letter by facsimile reserving her right to object to the deposition as untimely and requesting a postponement until after August 5.  (Defendant's Brief, at 2-3; Tomasco Aff't ¶¶ 4-5;

---

excerpts from the deposition of plaintiff, taken on June 5, 2013 ["Plaintiff's Depo. Tr."](Exh. 14).

[3]The following four exhibits were attached; another copy of the Lausier Notice of Deposition (Exh. 1); copy of Subpoena to Testify at a Deposition in a Civil Action, dated July 17, 2013 (Exh. 2); copy of the web page for Robinson & Cole, http://www.rc.com/Firm.cfm (visited October 18, 2013)(Exh. 3); and another copy of the Lausier Depo. Tr. (Exh. 4).

Bernabo Aff't ¶¶ 7-8 & Exhs. 2-3).[4]  Williams acknowledged that he received these communications from Bernabo, but Bernabo had not informed him that Tomasco was available as a backup, a surprising fact since Robinson & Cole is "one of the 200 largest law firms in the United States and employs about 250 lawyers." (Plaintiff's Brief at 2 (footnote omitted) & Exh. 3).  As a result, Williams considered Bernabo's request "to be disingenuous at the very least and insulting to counsel's intelligence.  Accordingly, the message was ignored."  (Plaintiff's Brief, at 2).

The next day, on July 19, 2013, after speaking with a paralegal at plaintiff's law firm, Bernabo sent a letter, by facsimile and e-mail, to Williams and Engstrom, specifically "confirm[ing] that it is this office's understanding that the deposition of Friday, July 26th is not proceeding." (Defendant's Brief, at 3; Bernabo Aff't ¶ 9 & Exh. 4).  Five days later, on July 24, 2013, defense counsel's legal administrative assistant spoke with Michael Fusco, a paralegal at plaintiff's law firm, to once again confirm that the deposition was not going forward on July 26, 2013.  (Defendant's Brief, at 3; Tomasco Aff't ¶ 6; Bernabo Aff't ¶ 10 & Exh. 5).

Upon returning from vacation on Monday, August 5, 2013, Bernabo sent an e-mail to Williams, Engstrom and Fusco, which indicated that defendant did not object to this deposition going forward, as long as no other untimely depositions were taken, and asking plaintiff's counsel to "kindly propose a few dates for this office to consider." (Defendant's Brief, at 4; Bernabo Aff't ¶ 16 & Exh. 6).  Having heard nothing from plaintiff's counsel, ten days later, on August 15, 2013, Bernabo again sent an e-mail to Williams, Engstrom and Fusco, once again asking them to "kindly inform me whether you are proceeding with this

---

[4]Bernabo's letter contains a typographical error, as it indicates that her vacation was commencing on <u>June</u> 26 and that the deposition was noticed for <u>June</u> 26, not <u>July</u> 26.

3

deposition, and if so, provide me with some proposed dates to consider?" (Defendant's Brief, at 4; Bernabo Aff't ¶¶ 16-17 & Exh. 7). Again not having heard from plaintiff's counsel, on August 29, 2013, Bernabo had a telephone conversation with Williams, and when Bernabo asked if the Lausier deposition would be going forward, Williams told her that the deposition would not be held at a future date. (Defendant's Brief, at 4-5; Bernabo Aff't ¶¶ 17-18 & Exh. 8).

On September 5, 2013, Bernabo sent an e-mail to Williams, Engstrom, and Fusco, and again to Williams on the next day, on September 6, 2013, requesting that plaintiff supplement her written discovery responses; when she received no response, Bernabo sent a follow-up letter, by certified mail, thirteen days later, on September 18, 2013, to Williams and Engstrom. (Defendant's Brief, at 5; Bernabo Aff't ¶¶ 19-20 & Exhs. 9-11).

Unbeknownst to defense counsel, the Lausier deposition did, in fact, go forward on July 26, 2013, without plaintiff's counsel having attempted to contact anyone from defense counsel's law firm, who heard nothing further from plaintiff's counsel, even though Tomasco has an appearance in the matter and was working on July 26. (Defendant's Brief, at 3-4; Tomasco Aff't ¶¶ 7-8; Bernabo Aff't ¶¶ 11-15 & Lausier Depo. Tr; Plaintiff's Brief, Exh. 4). Bernabo learned of this for the first time on September 23, 2013, when Williams sent her an e-mail, dated September 22, 2013, that the "only new" discovery material he has was the transcript of the Lausier deposition, which he attached. (Defendant's Brief, at 5; Bernabo Aff't ¶ 21 & Exh. 12 & Lausier Depo. Tr.).

## II. DISCUSSION

In this motion, defendant asks that the Lausier deposition transcript be stricken, that plaintiff be prohibited from introducing any testimony or information from the deposition at

4

trial, and that defendant be awarded attorney's fees and costs for this motion, in that Lausier lives in Texas and is not subject to being subpoenaed for trial. (Defendant's Brief, at 1, 6, 13-15; Bernabo Aff't ¶ 23).   Defendant argues that the Lausier deposition was taken by plaintiff's counsel after the discovery deadline and without court permission (Defendant's Brief at 7-8); that plaintiff's counsel failed to provide notice and/or reasonable notice of the July 26, 2013 deposition (id. at 8-9); that Lausier's deposition and testimony and oral testimony at trial should be precluded because of bad faith conduct by Williams (id. at 10-12); that defendant is prejudiced by this conduct (id. at 13); that there is a need for deterrence of the abusive discovery tactics exhibited by plaintiff's counsel in this case (id.); and that less drastic sanctions for the behavior of plaintiff's counsel will not be effective, and "[i]ndeed, a failure to impose sanctions in the circumstances of this case would be sending a 'signal' to the bar that it is appropriate for lawyers to engage in vexatious, unfair tactics with impunity."  (Id. at 14).

In his brief in opposition, plaintiff's counsel argues that "[t]here has been no improper discovery in this case on the plaintiff's side[,]" and instead questions defense counsel for having interviewed police officers at the Plymouth Police Department without notice to him. (Plaintiff's Brief, at 3).[5]

The Court need not address the not uncommon issues of whether it was inappropriate for the Lausier deposition to be noticed one month after the expiration of the discovery deadlines without Court permission, or whether one week's notice of this deposition was unreasonable.   Under the correct set of circumstances, such transgressions can be

---

[5]Defense counsel has characterized this argument as "absurd[,]" in that attorneys "regularly generate or obtain work product in the course of litigation without notice to their adversaries."  (Defendant's Reply Brief at 4, n.3).

overlooked.

There is no objective justification for the behavior of plaintiff's counsel for the period from July 18, 2013 through September 22, 2013, in admittedly "ignor[ing]" the multiple messages **and confirmations** in late July that the Lausier deposition would not be going forward, and then failing to correct Bernabo's obvious ignorance, in early August through late September, that the Lausier deposition already had occurred.  As set forth above, on July 18, 2013, Bernabo sent a letter, by fax, and an e-mail to Williams and Engstrom requesting a postponement; the next day, July 19, she sent a letter to Williams and Engstrom, by fax and regular mail, confirming a conversation with their paralegal that "the deposition on Friday, July 26th, is not proceeding."  (Defendant's Exhs. 2-4).  Bernabo's paralegal then confirmed <u>again</u> on July 24 with Fusco that "the deposition for the 26th is off."  (Defendant's Exh. 5).

It is of no moment that the law firm with which Bernabo practices law has 2 attorneys, or 5 attorneys, or 25 attorneys or 250 attorneys.  When an attorney sends a confirming e-mail to <u>two</u> opposing counsel that a deposition has been postponed, and neither attorney responds in the negative, and then the two paralegals for the law firms have a conversation that confirms that very understanding, it is beyond the pale of professional courtesy, and notions of fair play, to unilaterally "ignore" that message.  If time were truly of the essence, because Lausier was making a trip from Texas to Connecticut to visit his sister, that information surely could have been conveyed to Bernabo, who then would have had Tomasco available as back-up counsel for her.  Not knowing all these facts, Bernabo's request for a postponement, due to long-standing summer vacation plans, was hardly "disingenuous at the very least and insulting to counsel's intelligence."  (Plaintiff's Brief, at

6

2).

Equally concerning is the after-the-fact behavior of plaintiff's counsel. Upon her return from vacation on August 5, 2013, Bernabo immediately sent an e-mail to Williams, Engstrom and Fusco, asking them to "kindly propose a few dates" for the Lausier deposition, followed by an e-mail to Williams, Engstrom and Fusco with the same request ten days later, on August 15. (Defendant's Exhs. 6-7). Nobody had the decency to respond to her. The most egregious behavior of all, however, occurred on August 29, 2013, when in a telephone conversation between two human beings (where one is not artificially protected by a keyboard), Williams failed to inform Bernabo that the Lausier Deposition already had occurred, but instead simply responded that he was not going to take such deposition in the future. (Bernabo Aff't, ¶ 18; Exh. 8). Defense counsel sought supplemental discovery responses from plaintiff, in an e-mail sent to Williams, Engstrom and Fusco on September 5, 2013, in an e-mail sent to just Williams on September 6, and in a letter sent by certified mail to Williams and Engstrom on September 18. (Defendant's Exhs. 9-11). Defense counsel was not made aware of the deposition until she received the transcript on September 23, 2013. (Defendant's Exhs. 12-13). For more than two months, defense counsel was totally in the dark that a potentially key witness had been deposed without a lawyer for defendant being present.

Defense counsel's observation that "[i]ndeed, a failure to impose sanctions in the circumstances of this case would be sending a 'signal' to the bar that it is appropriate for lawyers to engage in vexatious, unfair tactics with impunity[,]" (Defendant's Brief, at 14), is far from exaggeration or overstatement. There is simply no excuse, none whatsoever, for the behavior of plaintiff's counsel here.

Accordingly, defendant's Motion for Discovery Sanctions (Dkt. #39) is <u>granted in its entirety</u>, so that the Lausier deposition transcript is stricken and plaintiff is prohibited from introducing any testimony or information from the deposition at trial.  In addition, defendant may file her Motion for Attorney's Fees and Costs, with appropriate affidavits and exhibits, **on or before November 25, 2013**; plaintiff may file her brief in opposition **on or before December 16, 2013**, and defendant may file a reply brief, if any, **on or before January 2, 2014**.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 29th day of October, 2013.


   /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge